UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
APR 4 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. CR 07-20041 |
| RICKY R. SPENCER, (Also Known As "RICKEY R. SPENCER"), | ) Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) & (B), & 846; Title 18, United States Code, |
| Defendant. | ) Sections 2, 922(g), & 924(c). |

I N D I C T M E N T

## COUNT 1

**THE GRAND JURY CHARGES:**

On or about March 20, 2007, in Vermilion County, in the Central District of Illinois,

**RICKY R. SPENCER,
(Also Known As "RICKEY R. SPENCER"),**

defendant herein, did knowingly possess five hundred grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance, with the intent to distribute it.

In violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(B)(ii).

## COUNT 2

**THE GRAND JURY CHARGES:**

On or about March 20, 2007, in Vermilion County, in the Central District of Illinois,

**RICKY R. SPENCER,**
**(Also Known As "RICKEY R. SPENCER"),**

defendant herein, did knowingly possess a firearm, that is, a MAC 11, nine millimeter firearm and a Harrington & Richardson, .32 caliber revolver, in furtherance of the crime of possession with intent to distribute cocaine as charged in Count 1.

In violation of Title 18, United States Code, Section 924(c).

## COUNT 3

**THE GRAND JURY CHARGES:**

On or about March 20, 2007, in Vermilion County, in the Central District of Illinois,

**RICKY R. SPENCER,**
**(Also Known As "RICKEY R. SPENCER"),**

defendant herein, having been previously convicted in a court in the State of Illinois of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a MAC 11, nine millimeter firearm and a Harrington & Richardson, .32 caliber revolver.

In violation of Title 18, United States Code, Sections 922(g)(1).

## COUNT 4

**THE GRAND JURY CHARGES:**

1. From on or about October, 2003, and continuing through at least July 12, 2004, in Vermilion County, in the Central District of Illinois, and elsewhere,

**RICKEY R. SPENCER,**
**(Also Known As "RICKEY R. SPENCER"),**

2

defendant herein, did knowingly and intentionally conspire with others, both known and unknown to the grand jury, to possess with intent to distribute and to distribute a mixture and substance containing cocaine and cocaine base ("crack"), both of which are Schedule II controlled substances, and the conspiracy involved five hundred grams or more of a mixture and substance containing cocaine and five grams or more of a mixture and substance containing cocaine base ("crack"), in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A) & (B).

2. **Objects of the Conspiracy**

The objects of this criminal conspiracy included to obtain quantities of cocaine, to convert some of the cocaine into cocaine base ("crack"), to distribute and reap profit from the sale of cocaine and cocaine base ("crack"), and to do so without detection by law enforcement authorities.

3. **Means and Methods of the Conspiracy**

Among the means and methods by which the conspirators conducted and participated in the criminal conspiracy are the following:

   a.   The conspirators, including the defendant, obtained quantities of cocaine from a variety of sources, including other conspirators;

   b.   The conspirators converted the cocaine into cocaine base ("crack") in Danville, Illinois and distributed the cocaine base ("crack") in Danville, Illinois, as well as used others to do so by compensating them or providing them the cocaine base ("crack") on a consignment basis (commonly called a "front");

3

  c. Some conspirators, including the defendant, rented apartments in their name so other conspirators could store and distribute cocaine, firearms, cash, and other tools of the trade at those apartments. The conspirators also used others to hold quantities of cocaine and cocaine base ("crack"), and used others to act as look outs, all to avoid detection by law enforcement authorities; and

  d. The conspirators possessed firearms which they used to protect themselves, their cocaine and cocaine base ("crack"), and the cash they obtained from the sale of cocaine base ("crack") and the cash they used to purchase additional cocaine.

### 4. Acts in Furtherance of the Conspiracy

In furtherance of the criminal conspiracy and to effect the object thereof, in the Central District of Illinois and elsewhere and on or about the dates set forth below, the defendant and others, both known and unknown to the grand jury, committed and caused to be committed acts in furtherance of the conspiracy, including, but not limited to, the following:

  a. On or about October 17, 2003, the defendant, along with others known and unknown to the grand jury, used apartment 101 at 1606 Edgewood Drive in Danville, Illinois to distribute cocaine base ("crack"). On that date, the defendant was meeting with other conspirators at the apartment, which contained cocaine base ("crack"), United States currency, a loaded handgun, a digital scale, and two-way radios.

  b. On or about that same date, October 17, 2003, the defendant, along with others known and unknown to the grand jury, used apartment B18 at 2730 Townway

Road in Danville, Illinois to store two-way radios, United States currency, and drug packaging materials.

c. On or about July 12, 2004, the defendant, along with others known and unknown to the grand jury, used apartment B22 at 2730 Townway Drive in Danville, Illinois to store 625.3 grams of cocaine, 22.6 grams of cocaine base ("crack"), a loaded pistol, and $1,600 United States currency.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) & (B), and Title 18, United States Code, Section 2.

                                                  A TRUE BILL.

                                                  s/Foreperson
                                                  FOREPERSON

s/Greg Harris
RODGER A. HEATON
United States Attorney

ELM