UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CRIMINAL NO. CR06-20041 |
| RICKY R. SPENCER, (Also Known As "RICKEY R. SPENCER"), | ) |
| Defendant. | ) |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by Roger A. Heaton, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and the defendant, Ricky R. Spencer, personally and by his attorney, Diana S. Lenik, have agreed upon the following:

SCOPE

1.      This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

- 2 -

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

## THE PLEA

3. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant will enter a plea of guilty to Counts 1 and 2 of the four count indictment in this cause. Count 1 of the indictment charges the defendant with the Possession of 500 Grams or More of Cocaine with the Intent to Distribute It in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(B)(ii). Count 2 of the indictment charges the defendant with Possession of a Firearm In Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c). Pursuant to Rule 11(c)(1)(B), if the Court does not accept the recommendations of the parties as set forth below, the defendant understands that he does not have the right to withdraw his plea of guilty.

4. The United States agrees to move to dismiss Counts 3 and 4 as to the defendant at the time of sentencing. The defendant acknowledges that the counts the United States agrees to dismiss were brought in good faith and not for any vexatious or frivolous reason on the part of the United States.

- 3 -

## ELEMENTS OF THE CHARGE

5.  The defendant has personally read the indictment and the charges to which the defendant is pleading guilty. The indictment and the charges have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty.

6.  The offense of Possession of 500 Grams or More of Cocaine with the Intent to Distribute It in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(B)(ii) has the following elements, each of which the prosecution must prove beyond a reasonable doubt:

    a.  First, that the defendant knowingly possessed 500 grams or more of cocaine; and

    b.  Second, that the defendant possessed the cocaine with the intent to deliver it to another person.

7.  Possession of an object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction or control over it, either directly or through others.

8.  The term "knowingly" means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.

9.  The offense of Possession of a Firearm In Furtherance of a Drug

- 4 -

Trafficking Crime in violation of Title 18, United States Code, Section 924(c) has the following elements, each of which the prosecution must prove beyond a reasonable doubt:

  a. First, that the defendant committed the crime of Possession of 500 Grams or More of Cocaine with the Intent to Distribute It as charged in Count 1; and

  b. Second, that the defendant knowingly possessed a firearm in furtherance of that crime.

## POTENTIAL PENALTIES

10. The charge of Possession of 500 Grams or More of Cocaine With the Intent to Distribute It in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(B)(ii), a Class A felony, has the following potential penalties based on the defendant's prior felony drug conviction, notice having previously been given pursuant to Title 21, United States Code, Section 851:

  a. Mandatory minimum ten year period of imprisonment to maximum life imprisonment;

  b. Maximum $4,000,000 fine; and

  c. Mandatory eight year period of supervised release.

11. The charge of Possession of a Firearm In Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c), a Class A felony, has the following potential penalties:

  a. Mandatory minimum five years imprisonment to maximum life imprisonment, consecutive to any sentence imposed on Count 1;

  b. Maximum $250,000 fine; and

- 5 -

    c.    Maximum five year period of supervised release.

12. The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each of the two counts of the Indictment (a total of $200) to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this Plea Agreement. No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of guilty.

13. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

14. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

ACCEPTANCE OF RESPONSIBILITY

15. The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and

- 6 -

affirmative acceptance of personal responsibility for his criminal conduct in accordance with § 3E1.1 of the United States Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate (three levels if the defendant's offense level is 16 or greater). This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States. The defendant understands that the Court will not be bound under this agreement by the positions of either party and will be free to make its own independent determination concerning the defendant's acceptance of responsibility. An objection to the Court's ruling will not give the defendant any right to withdraw his guilty plea.

SENTENCING RECOMMENDATIONS AND<br>THEIR EFFECT UPON THE COURT

16. Both the United States and the defendant remain free to recommend whatever sentence each party, respectively, deems appropriate.

17. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, after considering the United States Sentencing Guidelines, which are advisory, and tailoring the sentence in light of other statutory concerns pursuant to 18 U.S.C. § 3553.

18. The defendant understands that the Court is required to consider any applicable advisory Sentencing Guidelines, including appropriate upward or downward deviations, but is not bound by those guidelines.

- 7 -

19.     The defendant agrees and understands that he will not be allowed to withdraw his guilty plea because of an objection to the calculation of the advisory Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

## STIPULATION OF FACTS

20.     The defendant will plead guilty because he is in fact guilty. In pleading guilty, the defendant stipulates and agrees that the United States could prove the following to a jury beyond a reasonable doubt:

On March 20, 2007, Illinois Department of Corrections Senior Parole Agent Kelly Harvey paid a home visit to the defendant, Ricky R. Spencer, at the defendant's known residence at 1004 Skyline, Danville, Vermilion County, in the Central District of Illinois. (On that date, the defendant was on Illinois mandatory supervised release (*i.e.*, parole) for the offense of possession of a controlled substance in Vermilion County, Illinois case number 06-CF-92.) During the visit, Agent Harvey found in the defendant's residence approximately one kilogram of a white, powdery substance that tested positive for the presence of cocaine, 112.8 grams of a green leafy substance that tested positive for the presence of marijuana, 145 tablets that appeared to be and tested positive for the presence of methylenedioxy-methamphetamine (MDMA or "Ecstacy"). The seized white powdery substance was later determined to be 994.8 grams of cocaine hydrochloride with a purity of 83.9% by the DEA North Central Laboratory

Immediately next to the cocaine hydrochloride, Agent Harvey found a MAC 11,

nine millimeter, firearm with a fully loaded nine millimeter magazine and a loaded Harrington & Richardson .32 caliber revolver. Elsewhere in the defendant's residence, Agent Harvey found approximately 3.2 grams of an off-white, chunky substance that tested positive for the presence of cocaine and appeared to be cocaine base ("crack"), and a .50 caliber black powder muzzle loading rifle.

Based on his training and experience, Special Agent Christian A. McGuire of the Drug Enforcement Administration would testify that 994.8 grams of cocaine hydrochloride is much greater than a personal use amount and was intended for distribution. He would further testify that firearms, especially a loaded MAC 11, are tools of the trade of drug trafficking and that drug traffickers often possess guns to protect themselves, their drugs, their cash, or all three.

## ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

21.  The defendant and his attorney acknowledge that they have reviewed and defendant understands the possible application of Sentencing Guidelines §1B1.3 (Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

22.  The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of his rights. Specifically, the defendant understands that by pleading guilty he is waiving the following rights, among others:

    a.  The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b.	The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c.	The right to the assistance of counsel at trial. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

d.	The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e.	The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could

- 10 -

decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

23.  The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

24.  Defense Counsel

I have read this Plea Agreement and have discussed it fully with my client, Ricky R. Spencer. It accurately and completely sets forth the entire Plea Agreement. I concur in the guilty plea as set forth in this Plea Agreement.


Date:  _____5/31/07_____           s/Diana S. Lenik_____
                                           Diana S. Lenik
                                           Attorney for the Defendant

25.  Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, Diana S. Lenik. I fully understand this agreement and accept and agree to it without reservation.

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my

- 11 -

criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Date: __5/31/07__  s/Ricky R. Spencer
Ricky R. Spencer
Defendant

### ACKNOWLEDGMENT OF THE UNITED STATES

26. United States Attorney's Office

I accept and agree to this Plea Agreement for the United States of America.

Date: __5/31/07__  s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 South Vine Street
Urbana, Illinois 61802
Telephone: 217/373-5875