E-FILED
Wednesday, 05 September, 2007 01:09:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA )
)
Plaintiff, )
)
)
v. ) CRIMINAL NO. CR06-20041
)
RICKEY R. SPENCER Jr )
)
Defendant. )

FILED
SEP 0 5 2007
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

DEFENDANT'S Supplemental
IN Support of his
Motion To Withdraw his Plea

NOW Comes The defendant Rickey R. SPENCER, Pro-Se. The defendant hereby Moves The Honorable Judge McCluskey To Consider The Following So The ends of Justice May be served:

I

On August 21, 2007, the defendant Spencer filed a Pro-Se Motion before the court asking the court to enter an order allowing him to withdraw his plea agreement. In Said Motion The defendant advanced two points of contention: (a) That his plea was Not knowingly and Intelligently made. As said plea is based upon Tainted Evidence which he alleges was obtained in Violation of his Fourth Amendment Right. When his home was Searched Without a warrant by D.O.C. Senior Parole agent KELLY HARVEY, AND V.M.E.G Agents

1

on March 26, 2007, and (b) that as a result of his counsel's failure to discover this obvious violation through due diligence constituted ineffective assistance of counsel.

## II

The defendant acknowledges that he advanced an argument in his initial filing that is not directly on point. The defendant had advanced in his Pro-Se filing that a parole officer may only confiscate contraband that is in plain sight. (at page 3) The defendant had based this assumption on the "Plain view" wording found in Established case authority. The defendant now state that his Plain Sight argument hinges on whether agent Harvey had Reasonable Suspicion to be at his home in the first place. 2/

---

1/ If an Evidentiary hearing was ordered by the Court. The Court will find that Mr. Harvey was NOT the defendant assigned Parole officer. The record would show that the defendant's parole officer is Mrs. Pat McGee whom did not know the defendant had been arrested on the instant offense until she paid a home visit to his resident on 3/22/07 and advised of such by his girlfriend Terry Thomas. C.F. Defendant's Exhibit 1. agent Harvey acknowledge the defendant once being assigned to his case load. I.d at page 1.

2

Defendant's Exhibit one, The parole revocation form Prepared by agent Harvey state in part: "On 3/19/2007 This agent, during a routine Conversation with investigators from the Danville Police department, was advised of recent intelligence indicating a Contract killing was in place on two officers of the Danville Police department. During this Conversation, investigators Questioned this agent concerning several aliases of individuals believed to be involved in the plan. This agent was aware of one of the possible Suspects under The alias of "slick" known to this agent as parolee Rickey Spencer." I.d at page 1.

---

2/ SEE TEXAS V. BROWN, 460 U.S 730, 738, 39 (1983) "PLAINVIEW" [Plain sight] provides grounds for seizure of an item when officers access to an object has some prior Justification under the Fourth amendment.

3

Agent Harvey states that several names were tossed at him. The question for the court to decide is why agent Harvey chose to go to the defendants' resident and not demand more specific evidence from the investigators that would specifically provide a reasonable basis to believe that the defendant was a part of this alleged plot, and if such Justified a search without a warrant. See. United States v. Knights, 534 U.S. 112, 120-21, 122 S.ct 587, 515 L.Ed2d 497 (2001) Holding that a parolee does not have a sufficient expectation of privacy to Justify the warrant Requirement.

Notwithstanding, this limited right accorded to Parolees. The Court must still ensure that Parole officers acted with legitimate parole related objectives and wasn't merely a "Stalking horse" for the Police. See U.S. v. Harper 928 F.2d 894, 897 (9th Cir 1991) Also See United States v. Coleman, 22 F.3d 126, 129 (7th Cir 1994) 3/

4

According to the defendant's criminal history. He is a known convicted drug dealer as known to agent Harvey, his once parole officer. And if agent Harvey's Parole report is to be believed. He met with investigators of the Danville Police on 3/19/07 to discuss the alleged contract killing plot. So why did he enlist the aide of Drug Meg agents to go to the resident of the defendant the next day, if what he stated in his report "For the purposes of excluding parolee SPENCER from aforementioned investigation."

3/ The defendant states that efforts were made to conceal this impropriety from the court. From the filing of the inital criminal complaint filed by Special Meg agent Peter M. Miller on 3/21/07, indictment, to the P.S.I report. Each of which would lead an objective observor to believe that the illegal contraband was found incident to a routine home visit. (See Exhibit one hereto) by Agent Harvey Alone.

5

Wouldn't the Danville Police investigators have first hand information regarding said plot. In order to question the defendant if he chose to co operate? Further does a city police investigator departmental interests defer from the duties of a multi-jurisdicitional drug Task Force officers?

The defendant submits, yes.

## ARGUMENT

Agent Harvey engaged in an illicit search. His advancement of a contract killing plot was no more than a ruse to gain entrance into the defendant's home. Even more unsettling is the record is void of a basis that he or any agent ever questioned the defendant regarding the alleged plot once the home treshold was crossed. Instead, it was conveniently swept off the record until the defendant's instant motion brought it to light.

The defendant state that the terms of his parole did not explicitly allow for the unreasonable warrantless search of his home. See Griffin v. Wisconsin, 483 U.S. 868, 107 S.Ct 3164, 97L.Ed.2d 709 (1987)

6

holding in the case of parolees and probationers that expectation of privacy in their homes is significantly limited by the supervisory relationship and restrictions imposed on the individual by the state.

In Illinois, the conditions of parole or mandatory supervised release are in relevant part as follow: Section 730 ILCS (Illinois Compiled Statue) "5/3-3-7:

(a) THE conditions of parole or mandatory supervised release shall be such as the Prisoner Review board deems necessary to assist the subject in leading a law abiding life. The conditions of every parole and mandatory supervised release are that the subject:
(6) Permit the agent to visit him at home or elsewhere to the extent necessary to discharge his duties." 4/

---

4/ In the immediate days following, Pat McGee the defendant's assigned parole officer visited him at home to carry out this mandated goal. Just to find out that he was carried off by a stalking horse in furtherance of an unlawful police investigation. See U.S. V. Coleman, 22 F.3d I.d 129.

7

The defendant state if an evidentiary hearing was ordered. His girlfriend will testify that on 3/21/07 agents returned to the home to conduct a further search. That said agents threaten to get child welfare services involved if she didn't sign a back dated consent to search form. She refused.

The defendant submit that the damage had already been done. And the dictates of fundamental fairness require the court to act accordinaly. Finally, the defendant states he would not have pled guilty had it not been for the imcompatant advice of his counsel. See Hill v. Lockhart, 474 U.S. 52 (1985)

Wherefore the defendant respectfully request the following relief: (1) THAT THE COURT VACATE HIS PLEA agreement. (2) Find that his counsel was ineffective for not discovering this infirmity. (3) ENTER AN ORDER dismissing his indictment with prejudice.

# CERTIFICATE OF SERVICE

I, RICKEY R. SPENCER, the defendant do hereby state that I have served a copy of my supplemental motion on the prosecutor by hand delivering the same in open court this 5th day of September 2007

Respectfully,

Rickey R. Spencer

# United States District Court

        CENTRAL      DISTRICT OF      ILLINOIS

UNITED STATES OF AMERICA

v.

RICKEY R. SPENCER, a/k/a
RICKY R. SPENCER

**FILED**

MAR 2 1 2007

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**CRIMINAL COMPLAINT**

CASE NUMBER: 07-M-7215

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __March 20, 2007__ in __Vermilion__ county, in the __Central__ District of __Illinois__ defendant(s) did:

knowingly possess 500 grams or more of cocaine, a Schedule II controlled substance with the intent to distribute it,

in violation of Title __21__, United States Code, Section(s) __841(a)(1) and (b)(1)(B)(ii)__

I further state that I am a(n) __Special Agent, VMEG__ and that this complaint is based on the following facts:
                Official Title

See attached affidavit

Continued on the attached sheet and made a part hereof: ☒Yes ☐No

s/Peter Miller
_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

March 21, 2007     at    Urbana, Illinois
Date                                      City and State

David G. Bernthal
U.S. Magistrate Judge                         s/David G. Bernthal
Name & Title of Judicial Officer                 Signature of Judicial Officer

# AFFIDAVIT

I, PETER M. MILLER, being first duly sworn on oath, depose and state as follows:

1. I am a Special Agent with the Vermilion County Metropolitan Enforcement Group (VMEG), a multi-jurisdictional drug task force located in Vermilion County, Illinois. I have been so employed for approximately 4 1/2 years. I have personally conducted or assisted in numerous investigations of criminal violations involving controlled substances.

2. As a Special Agent with VMEG, I have received extensive training in investigating violations of narcotics statutes, including those regarding the possession and distribution of cocaine and cocaine base ("crack"). I have also conducted and participated in numerous investigations involving the detection and investigation of drug trafficking violations, including distribution of controlled substances, conspiracy to distribute controlled substances, and the use of communication facilities such as telephones, digital pagers, and other like facilities that are commonly used to facilitate drug trafficking violations. I have had numerous conversations with drug traffickers concerning their methods of operation in the course of investigative interviews, and have listened to numerous tape-recorded conversations between informants and drug traffickers in which their methods of operation were discussed or revealed. I am currently assigned to the investigation of drug trafficking activity in Vermilion County, Illinois.

3. This affidavit is made in support of a criminal complaint and arrest warrant charging RICKEY R. SPENCER, also known as "Ricky Spencer," (DOB: 06/16/1980) with possession of five hundred grams or more of cocaine with the intent to distribute it in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(B)(ii), and possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

4. The statements contained in this affidavit are based in part on my own personal observations, information provided by other agents and other law enforcement officers, on information provided by other witnesses, and on my experience and background as a Special Agent with VMEG. The information contained in this affidavit is not an exhaustive account of everything I know about this case. Rather, it is only the facts that I believe are necessary to establish probable cause to believe that SPENCER possessed more than five hundred grams of cocaine with the intent to distribute it in violation of Title 21, United States Code, Section 841(a)(1) and possessed a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

5. On March 20, 2007, Illinois Department of Corrections Senior Parole Agent Kelly Harvey paid a home visit to SPENCER at SPENCER's known residence at 1004 Skyline, Danville, Vermilion County, in the Central District of Illinois. (SPENCER is on Illinois mandatory supervised release (*i.e.*, parole) for the offense of possession of a controlled substance in Vermilion County, Illinois case number 06-CF-92 until November 18, 2007.) During the visit, Agent Harvey found in SPENCER's residence

approximately one kilogram of a white, powdery substance that tested positive for the presence of cocaine, 112.8 grams of a green leafy substance that tested positive for the presence of marijuana, 145 tablets that appeared to be and tested positive for the presence of methylenedioxy-methamphetamine (MDMA or "Ecstacy"). Immediately next to the powder cocaine, Agent Harvey found a loaded MAC 11, nine millimeter, fully automatic machinegun with a fully loaded nine millimeter magazine and a loaded Harrington & Richardson .32 caliber revolver. Elsewhere in the residence, Agent Harvey found approximately 3.2 grams of an off-white, chunky substance that tested positive for the presence of cocaine and appeared to be cocaine base ("crack"), and a .50 caliber black powder muzzle loading rifle.

6. Based on my training and experience, five hundred grams of cocaine is much greater than a personal use amount and was intended for distribution. Moreover, drug traffickers often possess guns to protect their drugs, cash, or both.

Further affiant sayeth not.

s/Peter M. Miller
_____
PETER M. MILLER
Special Agent, Vermilion County
Metropolitan Enforcement Group
Danville, Illinois

Subscribed and sworn to before me this 21st day of March, 2007.

s/David G. Bernthal
_____
DAVID G. BERNTHAL,
United States Magistrate Judge